Filed 5/22/14  P. v. O'Brien CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LANDON O'BRIEN, JR.,<br><br>    Defendant and Appellant. | A139571<br><br>(Alameda County<br>Super. Ct. No. C160471) |

After revoking probation, the trial court sentenced defendant Michael Landon O'Brien, Jr. to an aggravated, four-year prison term for assault likely to produce great bodily injury (former Pen. Code,[1] § 245, subd. (a)(1), now subd. (a)(4)).  Defendant asserts the trial court abused its discretion when selecting an aggravated term.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Original Offense and Conviction*

On November 9, 2008, around 4:30 p.m., Antwan Robinson went to defendant's home.[2]  During the visit, defendant became upset because he believed Robinson was telling people that he and defendant had been involved in a sexual relationship in the past.  The men argued.  Defendant punched Robinson in the mouth and knocked him to the ground.  Defendant knocked out one of Robinson's front teeth.  Robinson punched defendant in self-defense and fled to his residence where he called the police.  As a result

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Because defendant pleaded no contest to the original charge, the underlying facts of that conviction are taken from the 2009 probation report.

1

of the attack, Robinson lost a tooth and suffered abrasions to his upper lip and to the side of his head.  Robinson required surgery to repair the injuries to his mouth.

On February 17, 2009, defendant pleaded no contest to a single count of assault, with the trial court dismissing the great bodily injury enhancement.  On March 17, 2009, the trial court suspended imposition of sentence and placed defendant on five years' probation.

### B.      *Probation Violation*

Four years later, in February 2013, while still on probation, defendant accosted another acquaintance, Dineah Taha, in her apartment.  Defendant pulled Taha's hair and forced her to the ground.  As defendant yelled at Taha, another man pointed a gun at her.  Both men kicked her legs, thighs, ribs, and buttocks.  After demanding Taha's cell phone and learning that it had not been activated, the men ran out of the apartment.

Hearing Taha's screams, a neighbor called the police.  Taha waited at the neighbor's apartment for the police to arrive.  Taha also talked to the 911 operator from the neighbor's cell phone.

### C.      *Probation Revocation and Sentencing*

Following defendant's arrest, the district attorney moved to revoke defendant's probation.  At the June 2013 probation hearing, defendant was found to be in violation of his probation and the matter was put over for receipt of a supplemental probation report and sentencing.

At the revocation and sentencing hearing in July 2013, the trial court stated that it had carefully reviewed the supplemental probation report, together with the original probation report.  The original probation report indicated that defendant had an extensive arrest history in the state of Louisiana, spanning nearly a decade (1999 through 2008) for offenses including trespassing, possession of marijuana, domestic violence, vandalism, resisting arrest, obstruction of justice, distribution of marijuana, illegal use of controlled substances, inciting a riot, drug paraphernalia, discharging of a firearm, and armed robbery.  The supplemental probation report stated that defendant had a conviction in Louisiana for felony armed robbery and aggravated battery.  It was further noted that

2

defendant had been convicted of two misdemeanor offenses in Alameda County while he was on probation, to wit : a December 2010 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), and a March 2010 conviction for domestic battery (§ 245, subd. (e)(1).)

At the outset of the revocation and sentencing hearing, the trial court asked defense counsel for his position on the appropriate sentence. Defense counsel responded, "I would ask the Court to show any leniency it could give him in regards to this matter. I know the Court may or may not be prone to max him out on the probation revocation. We would ask the Court not to do that, to give him somewhere in between what the Court could do as a max and the minimum in regards to this matter."

The trial court observed that it had discretion to restore probation with additional conditions. The court noted that, in exercising its discretion, it was appropriate to consider the fact that defendant's probation had been revoked twice since the original grant of probation in 2009. In denying probation, it relied upon findings in the original probation report and the circumstances of the 2008 assault on Robinson. Those factors included that the victim had suffered a broken front tooth and cut lip (Cal. Rules of Court[3], rule 4.414(a)(4)); defendant was an active participant in the event (rule 4.414(a)(6)); and defendant's prior record of criminal conduct indicated a pattern of criminal behavior (rule 4.414(b)(1)). As to these factors, the court explained, "I believe those are valid concerns and I adopt them. I think they are correct statements of the facts of the case for which [defendant] was originally placed on probation and they allow this Court to deny probation."

The trial court further explained that it would have refused to reinstate probation "even if I did not know that [defendant's] probation had been revoked twice since the imposition of probation in 2009. Even if that was not a factor and even if I set that aside, I would still in this case, deny the defendant an additional grant of probation."

---

[3] All further references to rules are to the California Rules of Court.

After declining to reinstate probation, the trial court addressed the issue of the length of defendant's prison sentence. The parties agreed that the applicable sentencing range was two, three, or four years. In imposing sentence, the court stated that it would disregard defendant's out-of-state criminal history. The court, citing rules 4.414 and 4.420, explained that it was appropriate to consider the criteria affecting probation not only for determining whether probation should be granted or denied, but in "selecting the appropriate prison-term and, if necessary, . . . in selecting the appropriate upper prison-term."

The court then explained the factors it was relying on and concluded that it was "entirely appropriate for the Court to impose the upper term." Those factors included that: (1) the assault involved violence in that defendant punched the victim in the mouth following an argument (rule 4.421(a)(1)); (2) defendant engaged in violent conduct which indicates a serious danger to society (rule 4.421(b)(1)); and (3) defendant's prior performance on probation had been unsatisfactory (rule 4.421(b)(5)). Thereafter, the court imposed an "aggravated term of four years in the State Prison."

## II. DISCUSSION

Defendant asserts that the trial court abused its discretion in sentencing him to the upper term sentence. Defendant has forfeited this issue, however, by failing to raise it in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 356 ["[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"]; *People v. Steele* (2000) 83 Cal.App.4th 212, 226 [waiver of objection to use of particular aggravating factor if not raised in trial court].)

Even had defendant not forfeited the issue, we would reject his argument on the merits. Despite pleading no contest to assault likely to produce great bodily injury, defendant contends his 2008 assault cannot support a finding of "violence meriting the aggravated term." Defendant cannot not now challenge the sufficiency of the evidence supporting his conviction for assault likely to produce great bodily injury. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) The record reflects that defendant violently

4

punched Robinson in the mouth, knocking him to the ground.  As a result of the attack, Robinson lost a tooth and suffered abrasions to his upper lip and to the side of his head. Robinson also required surgery to repair the injuries to his mouth.   Defendant's suggestion that these injuries were "trivial or moderate" is utterly without merit.

Moreover, defendant's whole case rests on the mistaken premise that a single punch is insufficient violence meriting an aggravated term.  " 'It is thoroughly settled in this state that an assault by means of "force likely to produce great bodily injury" . . . may be made by the use of the *hands or fists* [citation] and that what kind of an assault is likely to produce great bodily injury is generally a question of fact to be determined by the jury.  [Citation.]' " (*People v. Zankich* (1961) 189 Cal.App.2d 54, 70, italics added; *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028 [it is well established that use of hands or fists alone may support a conviction of assault by means of force likely to produce great bodily injury].)  " 'Whether a fist would be likely to produce such injury is to be determined by the force of the impact, the manner in which it was used and the circumstances under which the force was applied.' [Citation.]" (*People v. Kinman* (1955) 134 Cal.App.2d 419, 422.)  " 'While . . . the results of an assault are often highly probative of the amount of force used, they cannot be conclusive.' [Citation.]" (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1065.)

In this case, defendant used enough force when punching Robinson in the mouth that he knocked Robinson to the ground.  Robinson's injuries—a lost tooth, abrasions to his upper lip and to the side of his head—are probative of the amount of force used in the assault.  That Robinson also required surgery to repair the injuries to his mouth is similarly probative of the amount of forced with which the single blow was delivered. On this record, the trial court acted well within its discretion in sentencing defendant to the upper term of four years in state prison.

### III. DISPOSITION

The judgment is affirmed.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
RIVERA, J.